**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

NANCY ALBRIGHT and SARAH RODHOUSE, individually and as the representatives of a class of similarly situated persons,

Plaintiffs,

v.

THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS METROPOLITAN DISTRICT d/b/a METRO,

Defendant.

Case No. 4:11-CV-01691AGF

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE SETTLEMENT CLASS**

Plaintiffs Nancy Albright and Sarah Rodhouse, individually and on behalf of themselves and all others similarly situated ("Plaintiffs") move this Court for Preliminary Approval of the Proposed Settlement Agreement, Notice to the Settlement Class and Conditional Settlement Class Certification on their claims that Defendant The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro ("Defendant" or "MetroLink") willfully violated the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. § 1681 *et seq.*

## I. INTRODUCTION

Plaintiffs have reached an agreement to settle this case with Defendant regarding Defendant's alleged violations of the Fair and Accurate Credit Transactions Act of 2003's ("FACTA") requirements to truncate credit card account numbers on payment receipts. The terms of the settlement are contained in the Settlement Agreement ("Agreement") attached as Appendix 1

("App 1").[1] Plaintiffs now move to begin the settlement approval process outlined in the *Manual for Complex Litigation* (*Fourth*) §§ 21.632-21.635 (2004). They seek entry of an order:

- Granting preliminary approval of the Agreement;
- Certifying a Class for settlement purposes only and appointing Plaintiffs as the Class Representatives and appointing Richard J. Doherty of Bock & Hatch, LLC, Chant Yedalian of Chant & Company A Professional Law Corporation, and Matthew Armstrong of The Armstrong Law Firm LLC as Class Counsel;
- Approving the Parties' proposed form and method of giving Class members notice of the action and proposed Agreement;
- Directing that notice be given to Class Members in the proposed form and manner; and
- Setting a hearing on whether the Court should grant final approval of the Agreement, enter judgment, award attorneys' fees and expenses to Plaintiffs' counsel, and approve incentive awards to the Plaintiffs.

The Agreement provides substantial benefits to the Class. As consideration for this Agreement, MetroLink agrees to make available relief as specified in the Agreement and to pay claims properly and timely submitted by Class Members. A third-party Settlement Administrator will administer the Agreement's claims process. The Agreement provides for Class Members to receive either a cash payment or free ride passes or tickets for use on MetroLink. The type of benefit a Class Member will receive is determined by the documentation provided to the Settlement Administrator by the Class Member. Any relief provided in the form of free ride passes or free ride tickets (set forth in 2.4.1.1 - 2.4.1.3 of the Agreement) is fully transferable, has no expiration date and charges no fees.

The proposed Agreement addresses Plaintiffs' litigation objectives and falls well within the range of reasonable settlement outcomes. The Agreement was negotiated at arm's length by lawyers experienced in complex litigation who had the benefit of extensive mediations overseen by Michael Geigerman of USA&M. For these reasons, the Agreement enjoys a presumption of fairness and

[1] Unless otherwise noted, capitalized terms used in this motion have the definitions provided in the Agreement. App. 1.

should be preliminarily approved by this Court, notice should be provided to Class Members, and the Court should schedule a hearing to determine whether the settlement warrants final approval.

## II. SUMMARY OF THE LITIGATION AND SETTLEMENT.

### A. The Litigation.

On August 15, 2011, Plaintiffs filed a class action complaint ("Complaint") in the Circuit Court of the City of St. Louis Missouri, Case No. 1122-CC09292, alleging that MetroLink willfully violated FACTA and failed to protect Plaintiffs and the putative class against identity theft by failing to comply with the FACTA's truncation requirement. On September 28, 2011, MetroLink removed Plaintiffs' Complaint to the United States District Court for the Eastern District of Missouri, Case No. 4:11-CV-01691AGF. On October 28, 2011, MetroLink filed a Motion to Dismiss the Complaint. Defendant's Motion, which was opposed by Plaintiffs and has been fully briefed, was denied without prejudice.

### B. Settlement Discussions.

Counsel for Plaintiffs and Defendant have engaged in extensive negotiations concerning the possible settlement of all claims. These negotiations included extensive correspondence, an exchange of information relevant to the Settlement, numerous telephonic conferences and negotiations, and numerous in-person negotiation sessions, both with the Court and with a mediator. The parties engaged in mediations with Michael Geigermann of USA&M pursuant to the case management order entered by the Court. Throughout the mediation process, Defendant denied that it violated FACTA's truncation requirements either willfully or otherwise, denied that a class should be certified, and denied that Plaintiffs and the putative class were entitled to any relief absent a settlement. Defendant further denied its customer identity truncation practices created any risk of identity theft to Plaintiffs or the putative class.

Over a period of months, and after several extensive negotiations and contentious mediation with Michael Geigermann, the Parties reached an agreement to settle this lawsuit. Subsequently, the Parties have exchanged drafts of the Agreement, agreed upon the final version, and executed the Agreement.

### C. Summary of Key Terms of The Proposed Settlement.

#### 1. Relief Available To Class Members

Under the terms of the proposed settlement, MetroLink will provide significant benefits to the Class Members. Pursuant to the Agreement, the Class consists of:

> All individuals who used a credit or debit card to purchase MetroLink tickets or passes at a Ticket Vending Machine between January 21, 2010, and August 16, 2011, and received an electronically printed receipt which disclosed the expiration date for the credit or debit card used to make the payment.

Each Class Member who submits a valid, timely, and verifiable Claim Form will receive a Settlement benefit from one of the following three categories:

Group One: If the Claimant provides with the Claim Form an original or copy of their MetroLink credit or debit card receipt displaying the expiration date of their personal credit or debit card printed by the MetroLink TVM on the credit or debit card receipt, the Claimant shall be entitled to select from one of the following benefits: (i) A payment in the amount of $30.00; (ii) a MetroLink Monthly Pass having a face value of $72.00; or (iii) two MetroLink 10 Ride passes having a face value of $60.00.

Group Two: If the Claimant provides with the Claim Form an original or copy of their personal credit or debit card statement showing that they made a purchase from a MetroLink TVM at any time between January 21, 2010, and August 16, 2011, the Claimant shall be entitled to receive three MetroLink round-trip tickets having an aggregate face value of $13.50.

Group Three: If the Claimant signs the Claim Form, whether through a manual or electronic signature, under penalty of perjury attesting that the Claimant made at least one purchase from a

MetroLink TVM at any time between January 21, 2010, and August 16, 2011, using his or her personal credit or debit card to pay for any MetroLink ticket or pass, and received a printed receipt, the Claimant shall be entitled to receive one MetroLink One-Ride Ticket having a face value of $2.25.

As set forth in the Agreement, The Settlement Administrator shall classify Claimants as Group One Claimants, Group Two Claimants, and Group Three Claimants based on the data provided by Class Members to the Settlement Administrator.

**2. Class Notice And Settlement Administration.**

The Parties submit the following notice plan, as set forth in the Agreement, for approval:

**a. CAFA Notice**

Not later than ten (10) days after the motion for preliminary approval of the Settlement is filed, MetroLink shall give written notice to all appropriate government officials pursuant to 28 U.S.C. § 1715.

**b. Notice to Class Members by MetroLink**

Within twenty (20) days after the entry of the Preliminary Approval Order, MetroLink shall cause the notice plan agreed upon by the Parties to be implemented as follows:

MetroLink Notice: MetroLink shall cause to be prominently posted the MetroLink Notice, in the form attached to the Agreement as *Exhibit 3,* on each and every MetroLink Ticket Vending Machine ("TVM") by affixing such notice below or to the right of the location where passengers retrieve their tickets from the MetroLink TVM and such shall remain continuously posted through and including the Claims Submission Deadline.

Newspaper Notice: MetroLink shall cause to be published the Newspaper Notice, in the form attached to the Agreement as *Exhibit 4,* in no less than 3" x 3" size, 3 times in the St. Louis Post Dispatch and 3 times in the St. Louis American.

**c. Notice to Class Members by Settlement Administrator**

Within twenty (20) days after the entry of an order granting preliminary approval of the Settlement, the Settlement Administrator shall cause the notice plan agreed upon by the Parties to be implemented as follows:

Internet Notice: Within twenty (20) days after the entry of an order granting preliminary approval of the Settlement, the Settlement Administrator shall establish a website that will contain information useful for Class Members. At the same time, the Settlement Administrator shall also establish a toll-free telephone number which Class Members may use to call the Settlement Administrator for any questions or comments they may have, and this toll free number shall be stated in the website. The website will also include, free of charge, a viewable, printable and downloadable copy in .PDF file format of the Long-Form Notice, in the form attached to the Agreement as *Exhibit 2,* and Claim Form, in the form attached to the Agreement as *Exhibit 1.* The website shall remain continuously on the internet, and the toll-free number shall remain operational, through and including the Claims Submission Deadline.

**d. Declaration that Notice was Provided**

No later than fourteen (14) days before the Fairness Hearing, MetroLink and the Settlement Administrator and/or their respective designees shall each file with the Court a declaration verifying that notice has been provided to the Class as specified in paragraphs 3.2, 3.3 and 3.4, of the Agreement. (App. 1, ¶ 3.4.1)

**e. Administration**

A third party Settlement Administrator will administer distribution of benefits pursuant to the Agreement. The Settlement Administrator will distribute benefits pursuant to the Agreement within the later of sixty (60) days after the Claims Submission Deadline or the Effective Date, whichever is later. (App. 1, ¶ 3.5). Furthermore, pursuant to ¶ 3.4 of the Agreement, the Settlement

Administrator shall also establish a website and toll-free telephone number which Class Members may use to call the Settlement Administrator with any questions or concerns and can use to obtain a copy of the Long-Form Notice and Claim Form. (App. 1, ¶ 3.4)

**f. Costs of Notice and Administration**

Defendant shall bear all costs and expenses in connection with providing notice to the Class and administering the terms of the Agreement, including but not limited to all fees, costs, and expenses of the Settlement Administrator, which notice and administrative costs shall not impact any amounts payable to the Class. (App. 1, ¶ 2.8). These costs and expenses shall be paid by Defendant in addition to the funds Defendant must provide for the provisions of benefits to Claimants, the incentive awards to Plainitffs, and attorneys' fees and expenses.

**3. Objection and Opt-Out Provisions.**

Class Members shall have thirty (30) days after the date the MetroLink Notice is first posted by MetroLink to object or opt out of the settlement. (App. 1, ¶ 1.13).

Any Class Member who wants to object to the fairness of the Agreement must, by the Objection Deadline, file any such objection with the Court, provide the required information for objection, and provide copies of the objection to Class Counsel, Defendant's Counsel, and the Settlement Administrator. (App. 1, ¶ 3.11-3.12). Any Class Member who does not file a timely written objection to the Agreement shall be foreclosed from seeking any adjudication or review of the Agreement by appeal or otherwise, and any Class Member who does not file a timely notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from speaking at the Fairness Hearing. (App. 1, ¶ 3.13).

Any Class Member who wants to be excluded as a Class Member may submit a written exclusion request to the Settlement Administrator, postmarked no later than the Opt-Out Deadline, with copies of the request for exclusion sent to Class Counsel, Defendant's Counsel, and the

Settlement Administrator. (App. 1, ¶ 3.14). Any Class Member who does not submit a timely and valid exclusion request shall be subject to and bound by the Agreement, including the Release of Class Members' Claims, and every order or judgment entered pursuant to the Agreement. (App. 1, ¶ 3.15).

**4. Release Provisions.**

As of the Effective Date (as defined in ¶ 1.7 of the Agreement), and except as to rights or claims created by the Settlement, Plaintiffs and each Class Member who does not timely opt-out of the Settlement forever discharge and release MetroLink, as well as its predecessors, successors, affiliates, officers, shareholders, members, directors, employees, insurers, attorneys, agents and contractors, from any and all suits, claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages or actions, in law or equity, of whatever kind of nature, direct or indirect, known or unknown, whether asserted in the Lawsuit or not, arising out of the facts and/or circumstances alleged in the Lawsuit between January 21, 2010, and the date preliminary approval of the Settlement is granted by the Court. (App. 1, ¶ 3.19).

**5. Incentive Award And Attorneys' Fees And Expenses.**

**a. Incentive Award.**

For their services as Class Representative, Plaintiffs shall each seek a Class Representative incentive award of up to $2,500. MetroLink will not object to such requests and has agreed to pay any and all Court-approved incentive awards to the respective Plaintiffs up to $2,500 for each named Plaintiff. (App. 1, ¶ 2.5).

**b. Attorneys' Fees And Expenses.**

The Parties have yet to reach an agreement on attorney's fees and expenses.

**6. No Admission of Liability.**

By entering into the Settlement Agreement, Defendant is not admitting liability. To the contrary, Defendant denies that it violated FACTA's truncation requirements and denies that Plaintiffs and the putative class are entitled to relief.

## III. PRELIMARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE.

### A. The Settlement Of A Class Action Is Favored And Should Be Preliminarily Approved If It Falls Within The Range Of Reasonableness.

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. *See Pfizer Inc. v. Lord*, 456 F.2d 532, 543 (8th Cir. 1972) ("The policy of the law encourages compromise to avoid the uncertainties of the outcome of litigation as well as the avoidance of wasteful litigation and expense incident thereto."); *White v. Nat'l Football League*, 822 F.Supp. 1389, 1416 (D.Minn.1993) ("The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context."); *see also Newberg on Class Actions* § 11.41 (*Fourth*) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

Where, as here, the parties propose to resolve class action litigation through a Class-wide settlement, they must obtain the Court's approval. *See* Fed. R. Civ. Proc. 23(e). The typical process for approval of class action settlements is described in the *Manual*, §§ 21.632-.634. The steps are:

1. Preliminary approval of the proposed settlement at an informal hearing;
2. Dissemination of notice of the settlement and fairness hearing to all affected Class members; an
3. A "formal fairness hearing," or final approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

This procedure, commonly employed by federal courts, serves the dual function of safeguarding Class members' procedural due process rights and enabling the Court to fulfill its role as the guardian of the Class members' interests. *See Newberg*, § 11.25 (quoting *Manual for Complex Litigation* (Second) (1985)).

In approving a class settlement, a district court must discern whether the proposed settlement is "fair, reasonable, and adequate." *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir., 1988) (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir.), cert. denied, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975)). In making such a determination, the court must provide a basis that its decision rests on "well-reasoned conclusions" and is not "mere boilerplate." *Van Horn*, 840 F.2d at 607 (citations omitted).

At the outset, the settlement should be accorded a presumption of fairness. "[A] settlement that is the product of arm's-length negotiations conducted by experienced counsel is presumed to be fair and reasonable." *Grove v. Principal Mutual Life Ins. Co.* 200 F.R.D. 434, 445 (S.D. Iowa, 2001) (citing *Manual for Complex Litigation* (3d ed.1997) § 30.42). Although a court reviewing a class action settlement must consider the settlement terms to protect the interests of the class, the court "should not substitute [its] own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Id.* (citing *Petrovic v. Amoco Oil Co.*, 200 F.3d, 1140, 1148-49 (8th Cir. 1999)).

By this motion, Plaintiffs ask that the Court take the first step in the settlement approval process and grant preliminary approval of the settlement. Plaintiffs further request that the Court provisionally certify the proposed Class. Provisional class certification is appropriate at the preliminary-approval stage where, as here, the proposed Class has not previously been certified, and the Plaintiffs have created a substantial record supporting the propriety of class certification. *See Newberg*, § 11.22. The practical purpose of provisional class certification is to facilitate

dissemination of Notice to the Class of the terms of the proposed settlement and the date and time of the final-approval hearing. *See id.* § 11.27.

### B. The Proposed Settlement Negotiated By The Parties Enjoys A Presumption Of Fairness.

A proposed settlement enjoys a presumption of fairness. "A strong public policy favors agreements, and courts should approach them with a presumption in their favor." *Little Rock School District v. Pulaski County Special School District No. 1,* 921 F.2d 1371, 1388 (8th Cir.1990) (*See also Grove*, 200 F.R.D. at 445 (citations omitted) ("[a] settlement that is the product of arm's-length negotiations conducted by experienced counsel is presumed to be fair and reasonable.)). In determining whether to approve a settlement, courts should "not decide the merits of the case or resolve unsettled legal questions." *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).

Here, the Agreement is presumed fair and falls within the range of possible approval. The settlement was reached exclusively through arm's length bargaining over an extended period, through numerous written proposals, telephone conferences, and a successful mediation experience. Attorneys for the Plaintiffs and attorneys for Defendant were present during these settlement negotiations. The Parties extensively discussed the merits of the claims and defenses and the relief available to the Class. After reaching a complete settlement agreement in principle, the Parties turned their attention to documenting the Settlement and exchanged numerous draft settlement agreements, forms of notice of the settlement, and claim forms.

In connection with the settlement agreement in principle with MetroLink, Plaintiffs, by and through their counsel, undertook substantial investigative efforts and confirmatory discovery. The process of information-gathering related to the Settlement is ongoing pursuant to the Agreement provisions relating to confirmatory discovery. (App. 1, ¶ 3.10). Thus, Plaintiffs' counsel were able to act intelligently in negotiating the settlement.

In negotiating the Agreement, Plaintiffs had the benefit of attorneys who are highly experienced in complex litigation and familiar with the legal and factual issues of the case (Appendix 2 ("App. 2")). In Plaintiffs' counsel's view, the Settlement provides substantial benefits to the Class, especially when considering, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings. On preliminary evaluation, the settlement here is presumptively fair and worthy of preliminary approval.

**C. The Settlement Benefits Fall Within The Range Of Possible Recovery.**

When determining whether a settlement is fair, reasonable, and adequate, the court should consider "the strength of plaintiffs' case compared to the terms of the settlement offer, assess the likely complexity, length and expense of the litigation, evaluate of the amount of opposition to settlement, consider the opinion of competent counsel, and examine the stage of the proceedings and the amount of discovery completed at the time of settlement. *See Van Horn*, 840 F.2d at 607, *Holden v. Burlington Northern, Inc.* 665 F.Supp. 1398, 1407 (D. Minn., 1987) (internal citations omitted). The preliminary approval determination is not an ultimate determination of whether the settlement is fair, reasonable and adequate, however. Rather, if the court finds the proposed settlement "within the range of possible approval," it should then order that the Class be notified of the settlement and of a formal fairness hearing to be held on the question of settlement approval. *See White,* 836 F.Supp. at 1466, *Manual,* §§ 21.632 and 40.42 (model preliminary approval order).

Here, the settlement provides the Class with substantial relief, without the delay and expenses of trial and post-trial proceedings. The Class is "similarly situated," under FACTA because Plaintiffs and the Class were subject to common conduct by Defendant. If the parties did not agree to settle this case, a trial would be lengthy and expensive. The Class would face the risk of multiple arguments by Defendant in the trial court regarding any potential factual dissimilarity of claims asserted by Plaintiffs and putative Class members, which, if successful, would mandate

individual lawsuits by Class Members hoping to collect minimal amounts of damages accrued. In addition, even if a Class was certified over Defendant's objection, the Class would face multiple risks in proving at trial: (a) that the FACTA truncation requirements applied to the credit card transactions at issue in this case; and (b) that Defendant willfully violated the FACTA truncation requirements. Indeed, Plaintiffs and the Class likely would not be entitled to any monetary relief unless they proved at trial a willful violation by Defendant of FACTA's truncation requirements, which Defendant has vigorously denied. In light of these risks, the proposed settlement is a fair, reasonable and adequate compromise of the issues in dispute that provides meaningful relief to the Class.

## IV. THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES.

### A. The Proposed Settlement Class Meets The Requirements Of Rule 23(a) And 23(b)(3).

Before granting preliminary approval of a settlement, the Court should determine that the proposed Class is a proper class for settlement purposes. *See Amchem Prods. v. Windsor* 521 U.S. 591, 620 (1997); *Manual*, § 21.632. The threshold task is to determine whether the proposed Class satisfies Rule 23's requirements, applicable to all class actions. The requirements are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See Bradford v. AGCO Corp.*, 187 F.R.D. 600, 603 (W.D.Mo., 1999). Additionally, the action must be maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3). In certifying a Settlement Class, however, the Court is not required to determine whether the action, if tried, would present intractable management problems, "for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; *see also* Fed. R. Civ. P. 23(b)(3)(D). Here, the proposed Class meets all of the requirements of Rule 23(a) and satisfies the requirements of Rule 23(b)(3).

"A class may not be certified unless the proposed class is so large that joinder of all members would be 'impracticable'." *Glen v. Fairway Independent Mortg. Corp.*, 265 F.R.D. 474, 478 (E.D.Mo.,2010), Fed. R. Civ. P. 23(a)(1). Publicly available records and defendants own admissions show that thousands of individuals utilize credit or debit cards to purchase MetroLink tickets and/or passes from MetroLink ticket vending machines on a daily basis. The proposed class definition includes all individuals who made such a purchase over a period of nearly seven months in 2011, which clearly satisfies the numerosity requirement. The proposed Class also meets the commonality requirement of Rule 23(a). This requirement does not necessitate that every question raised by in the class action be common; rather it is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir., 1995). The requirement is met "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). Here, commonality is readily met because the Plaintiffs and Class members all were subject to the same FACTA violations. *See e.g.*, *Hammer v. JP's Southwestern Foods, L.L.C.*, 267 F.R.D. 284 (W.D.Mo., 2010) (FACTA class certified).

Plaintiffs also meet the typicality and adequacy requirements. Typicality requires "a demonstration that there are other members of the class with similar grievances as the plaintiff." *Chaffin v. Rheem Mfg. Co.*, 904 F.2d 1269, 1275 (8th Cir.,1990) (citation omitted). Like all other Class members, Plaintiffs were subject to Defendant's alleged failure to comply with FACTA's truncation requirement. Plaintiffs adequately represent the Class since they have no individual interests or claims that are antagonistic to the Class and they have zealously represented the Class. *See, e.g., Hammer*, 267 F.R.D. at 288 (class representative found adequate in a FACTA case where representative's interests were "virtually identical" to those of the proposed class and there was no showing that representative's interests were antagonistic to those of the proposed class.). Plaintiffs

have also retained counsel with extensive experience in prosecuting class actions and complex cases. *See* Declarations attached hereto at App. 2. Accordingly, the typicality and adequacy requirements are met.

Finally, the proposed Class meets the requirements of Rule 23(b)(3). To be certified under Rule 23(b)(3), a plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Glen,* 265 F.R.D. at 470. (quoting Fed.R.Civ.P. 23(b)(3)). There are questions of law and fact common to the Class that predominate over any individual questions, specifically whether Defendant's alleged actions constitute FACTA violations and were willful. This common issue predominates over any individual issues.

A class action is also superior to other methods available for the fair and efficient adjudication of this controversy. Members of the Class are not likely to and do not have an interest or means to prosecute an individual case against Defendant, a large and sophisticated transit agency. Concerns of efficiency and economy tip the scales in favor of litigating the issues in one suit before this Court. Class members' FACTA claims are all subject to the terms of a single federal statute. 15 U.S.C. § 1681 *et seq*. It is appropriate to settle the claims of all Class members in one action.

## V. <u>THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTICE.</u>

### A. <u>The proposed notice plan is sufficient and will protect the rights of absent Class members.</u>

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise,' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *See Manual for Complex Litigation* at §§ 21.632, 21.633. In order to protect the rights of absent Class Members, the

Court must provide the best notice practicable to Class Members. *See Phillips v. Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985). To comport with due process "notice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (U.S. 1950). The mechanics of the notice process are left to the discretion of the court subject to the reasonableness standards of due process. *Grunin v. International House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

Here, individual notice is not practicable. Defendant has admitted that it is unable to retrieve the names and addresses of potential Class members from its ticket vending machines or elsewhere. Therefore, the identities of the individual Class members are not known by Defendant. Extensive confirmatory discovery conducted by Plaintiffs' counsel confirms these representations. (*See* App. 1, ¶ 3.10). Therefore, the Parties propose a notice plan consisting of publication notice in the St. Louis American and St. Louis Post Dispatch, the posting of notice on MetroLink ticket vending machines, and internet notice.

The proposed notice plan is sufficiently calculated to appraise Class members of the Settlement. The publication notice will run a total of six times in the major newspapers for the St. Louis metro area, the St. Louis American and the St. Louis Post Dispatch. In addition, MetroLink will prominently post notice of the proposed settlement on all ticket vending machines throughout its transit system. Furthermore, the Settlement Administrator will establish a website and a toll-free telephone number which Class members can use to obtain information about the proposed settlement and have their questions answered. All proposed forms of notice will list the toll-free telephone number and website address established by the Settlement Administrator. Furthermore, the website shall include, free of charge, a viewable, printable and downloadable copy in .PDF file format of the Long-Form Notice and Claim Form. A Proposed Claim Form, Long Form Notice,

MetroLink Notice, and Newspaper Notice are attached to the Agreement as *Exhibits 1, 2 , 3,* and *4* respectively and should be approved by the Court.

### B. <u>The Proposed Form Of Notice Adequately Informs Class Members Of Their Rights In This Litigation.</u>

In an action proceeding under Rule 23(b)(3), the notice must inform each Class Member that the court will exclude from the class any member who requests exclusion anyone from the class if he so requests (by a specified date in the Agreement); the judgment will include all members who do not request exclusion and any member not requesting exclusion may, if he desires, enter an appearance through counsel. Fed. R. Civ. P. 23(c)(2).

Here, the proposed Long Form Notice clearly and accurately discloses the information material to a Class Member's decision whether to accept, object to, or opt out of the settlement. (App. 1, *Exhibit 2*). The proposed Notice plan provides information on, *inter alia*, the proposed Class; the terms and provisions of the Agreement; the relief the settlement will provide; the date, time and place of the final approval hearing; and the procedures and deadlines for opting out of the settlement or submitting comments or objections. The publication notice and posting notice on MetroLink Ticket Vending Machines will provide information about the settlement and list the toll-free number and the address of the website established by the Settlement Administrator. Furthermore, by visiting the website established by the Settlement Administrator, Class members will be able to view, download, and/or print the proposed Long Form Notice. The Court should approve the proposed notice plan and forms of Notice and direct that notice be given to the Class as proposed by the Parties.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant preliminary approval of the proposed Agreement and enter the accompanying Order of Preliminary Approval (attached hereto as Exhibit A and submitted to the court via email).

Dated: February 25, 2013                    Respectfully submitted,


                                            /s/ Matthew H. Armstrong
                                            One of Plaintiffs' Counsel



Richard J. Doherty
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle Street, Suite 1000
Chicago, Illinois 60602
Tel: 312-658-5500
rich@bockhatchllc.com

Matthew H. Armstrong, MoBar 42803
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
matt@mattarmstronglaw.com

Chant Yedalian
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Avenue
Glendale, CA 91202
Tel: : 877.574.7100
chant@chant.mobi

Attorneys for Plaintiffs

Case: 4:11-cv-01691-AGF   Doc. #:  47   Filed: 02/25/13   Page: 19 of 20 PageID #: 252

Case: 4:11-cv-01691-AGF   Doc. #:  47   Filed: 02/25/13   Page: 19 of 20 PageID #: 252

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2013 I electronically filed the foregoing *Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record:

For Defendant:

Kenneth C. Brostron, 24094MO
James C. Hetlage, 38520MO
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
Telephone: (314) 621-2939
Fax: (314) 621-6844
brostron@lashlybaer.com
jhetlage@lashlybaer.com

/s/ Matthew H. Armstrong
One of Plaintiffs' Counsel