UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY ALBRIGHT and SARAH RODHOUSE, individually and as the representatives of a class of similarly situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:11CV01691 AGF |
| THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI–ILLINOIS METROPOLITAN DISTRICT d/b/a METRO, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF FINAL APPROVAL OF SETTLEMENT

This matter is before the Court on the motion of Plaintiffs Nancy Albright and

Sarah Rodhouse ("Plaintiffs") for Final Approval of Class Action Settlement.  In this

case, Plaintiffs asserted a single claim against Defendant, the Bi-State Development

Agency of the Missouri – Illinois Metropolitan District ("MetroLink"), for willful

violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §

1681(c)(g)(1), a provision of the Fair Credit Reporting Act ("FCRA").

I.    **Background**

By an Order of Preliminary Approval (Doc. 51) dated March 4, 2013, the Court

preliminarily approved the proposed Settlement Agreement based on the terms and

conditions of the Unopposed Amended Motion for Preliminary Approval of Class Action

Settlement Agreement and Notice to the Settlement Class (Doc. No. 50) (the "Motion for

Preliminary Approval"), and the Settlement Agreement (Doc. No. 50-1), subject to further consideration at the Final Settlement and Fairness Hearing.  In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as a class action for settlement purposes only and temporarily certified Plaintiffs as representatives of the following class:  all individuals who used a personal credit or debit card to purchase MetroLink tickets or passes at a Ticket Vending Machine between January 21, 2010, and August 16, 2011, and received an electronically printed receipt which disclosed the expiration date for the credit or debit card used to make the payment.  The Court also ordered that notice to the Class be provided in the form attached as Exhibits 1, 2 and 3 to the Settlement Agreement.

On July 29, 2013, the Court conducted a Fairness Hearing to determine:

a.  whether the Court should certify the Settlement Class and whether Plaintiffs and their counsel have adequately represented the Class Members;

b.  whether the Settlement Agreement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

c.  whether the Lawsuit should be dismissed on the merits and with prejudice as to MetroLink subject to the continuing jurisdiction of the Court;

d.  whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved; and

e.  whether the application for an incentive award to Plaintiffs to be submitted to the Court and which MetroLink does not oppose should be approved.

All interested persons were afforded the opportunity to be heard. The Court has duly considered all of the submissions and arguments presented with respect to the proposed Settlement Agreement.  After due deliberation and for the reasons set out below, the Court has determined that the Settlement Agreement is fair, reasonable, and adequate and should therefore be approved.[1]

## II.    **The Settlement Class**

As recognized in the Order of Preliminary Approval (Doc. 51), the Court previously certified a class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for settlement purposes only.  The Court hereby affirms its decision certifying that class and approving the Settlement Agreement.  The Court finds that the requirements for approving a settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been met.

The Settlement Agreement required that a claims procedure be established pursuant to which all Class Members who timely filed a valid Proof of Claim by the Claims Submission Deadline would be entitled to receive a settlement benefit from one of the following three categories:

a. **Group One**: If the Claimant provides with the Claim Form an original or copy of their Metro Link credit or debit card receipt displaying the expiration date of their personal credit or debit card printed by the MetroLink TVM on the credit or debit card receipt, the Claimant shall be entitled to select from one of the

---

[1]    Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

following benefits: (i) A payment in the amount of $30.00; (ii) a MetroLink Monthly Pass having a face value of $72.00; or (iii) two MetroLink 10 Ride passes having a face value of $60.00.

b. **Group Two**: If the Claimant provides with the Claim Form an original or copy of their personal credit or debit card statement showing that they made a purchase from a MetroLink TVM at any time between January 21, 2010, and August 16, 2011, the Claimant shall be entitled to receive three MetroLink round-trip tickets having an aggregate face value of $13.50.

c. **Group Three**: If the Claimant signs the Claim Form, whether through a manual or electronic signature, under penalty of perjury attesting that the Claimant made at least one purchase from a MetroLink TVM at any time between January 21, 2010, and August 16, 2011, using his or her personal credit or debit card to pay for any MetroLink ticket or pass, and received a printed receipt, the Claimant shall be entitled to receive one MetroLink OneRide Ticket having a face value of $2.25.

Further, the Settlement Agreement provided that MetroLink assumed financial responsibility for providing notice of the Settlement Agreement to Class Members and administration of the Settlement Agreement.

## III.    <u>Notice to Class Members</u>

In the Order of Preliminary Approval, the Court preliminarily approved the notice and found that the proposed form and content of the notice to the Class Members satisfied the requirements of due process.  The terms of the settlement were communicated to the Class pursuant to a plan negotiated by the parties and approved by

the Court on March 4, 2013.  Defendant published the notice of settlement three times in the St. Louis Post-Dispatch and the St. Louis American, and prominently posted the settlement notices on MetroLink ticket vending machines and kept the notices in place through the claims submission deadline.  Defendant also established a website that contained all of the settlement information, permitted the filing of electronic claims, and established a toll-free telephone number for use by Class members seeking additional information.

The Court reaffirms its previous determinations with respect to notice issues and holds that the best practicable notice was given to Class Members under the circumstances and that the notice given constitutes due and sufficient notice of the Settlement Agreement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement or the Fairness Hearing.

**IV.**     **Benefits of the Settlement Agreement for Class Members**

In determining whether the Settlement Agreement is fair, reasonable, and adequate in accordance with Federal Rule of Civil Procedure 23 (e)(1)(C), the Court considers the following factors:  (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.  *See Daniels v. Greenkote*, No. 4:10CV1954 DDN, 2013 WL 1890654, at *2 (E.D. Mo. May 6, 2013); *E.E.O.C. v. McDonnell Douglas Corp.*, 894 F.Supp. 1329, 1333 (E.D. Mo. 1995).

Upon reviewing the circumstances, the Court is satisfied that the benefits available to the Class Members by virtue of the Settlement Agreement represent a positive result that can be summarized as set forth below:

The parties agree that the filing of this case on August 15, 2011, in the Circuit Court of the City of St. Louis caused MetroLink immediately to cease its alleged illegal conduct, the disclosure of credit card expiration dates on credit card receipts for the purchase of MetroLink tickets, thereby achieving for Plaintiffs the statutory goal of protecting individuals from the risk of identity theft.  The case was removed to this Court on September 28, 2011, and nearly two years later, after some degree of discovery, and the filing of a fully briefed motion to dismiss, the parties settled the case after two days of mediated negotiations.  *See* Settlement Agreement (Doc. 50-1, § 2.4.1).  The Settlement is the culmination of adversarial litigation and negotiation.  The Settlement terms were agreed upon only after arm's-length bargaining by experienced counsel in the mediation sessions convened on March 20, 2012 and July 11, 2012.  Following the initial mediation session, the parties signed a term sheet outlining an agreement in principle on the general terms of class relief and notice.  Subsequently, the parties exchanged numerous drafts of the Settlement Agreement over a period of several months, before they agreed upon the final terms.  Even at that juncture, however, the parties failed to reach agreement with respect to the issue of attorney's fees, necessitating the second mediation session.

Settlement of this case resulted in the protection of customers' financial information, specifically credit card expiration dates, and provided compensation to claiming Class members of $30 cash or up to a $72 value in MetroLink tickets.  Of the

fifty two class submitted claims, eight were rejected for inadequate documentation and one claim was initially rejected as untimely.  At the July 29, 2013 hearing, the parties agreed to accept and pay the untimely claim.  Thus, at the time of final approval, forty-four claimants had received a total of $742.50 as a result of the settlement.

If the case were to proceed, the resulting motion practice, trial and appeals, could have been lengthy, involved, and expensive, presenting a substantial risk that Plaintiffs and the Settlement Classes would not ultimately prevail on their claim that Defendants willfully violated the FACTA.  Given this uncertainty the Court is satisfied that the Settlement Agreement eliminates a substantial risk that the Class Members would walk away "empty-handed."  In addition, even if Plaintiffs had litigated and prevailed on the merits, they might not obtain a better recovery than they have achieved in this Settlement Agreement.  *See, e.g.*, *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 335, 340 (D.S.C. 1991). Therefore the Court is satisfied that the provisions of the Settlement Agreement are of benefit to the Class Members.

In addition to finding the terms of the proposed Settlement Agreement to be fair, reasonable, beneficial and adequate, the Court finds no indication in the record that there was fraud or collusion between the parties or their counsel in negotiating the terms of the Settlement Agreement.  Furthermore, the terms of the Settlement Agreement make it clear that all negotiations were made at arm's-length and the process by which the Settlement Agreement was achieved was fair.

## V.   Objections and Opt-outs

The Court finds that there were no objections filed to the Settlement Agreement. Therefore, all Class Members who did not timely opt-out from the Class(es) are bound by the Settlement Agreement including the releases contained in Paragraphs 3.19 and 3.20 of the Settlement Agreement.

## VI.   Class Counsel

The Court reaffirms its preliminarily approval of Class Counsel finding that Class Counsel are competent and experienced attorneys who adequately and aggressively represented the interests of the Class Members.  In addition, there is no evidence of unethical behavior on the part of Class Counsel.

## VII.   Incentive Awards

The Court hereby certifies Plaintiffs Albright and Rodhouse as Class Representatives.  The terms of the Settlement Agreement provide that MetroLink will pay an incentive award of $2,500 to each of the Class Representatives.  The Court approves these incentive awards as reasonable and appropriate in light of the additional effort and time expended by the Class Representatives to achieve the benefits of the Settlement for all members of the Classes.

## VIII.   Attorney's Fees and Expenses

The parties did not reached agreement with respect to attorney's fees and Plaintiffs filed a separate Motion for Award of Attorneys' Fees and Expenses and Incentive Payments to the Class Representatives pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2). For the reasons set forth in a separate Memorandum and Order, filed today, attorneys'

fees shall be awarded in the amount of $176,571.50 together with expenses of $14,022.21.

Accordingly, after due consideration,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**.  (Doc. No. 56.)

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** in accordance with the terms of the Settlement Agreement.  Without affecting the finality of this Order of Final Approval, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement Agreement.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2013.